UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SONNY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-703 PPS |
| | ) | |
| MARK SEVIER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, filed a complaint as a result of being unable to conduct computer-assisted legal research in the Westville Correctional Facility's law library. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Davis alleges a claim for denial of access to the courts because the computers in Westville's law library have been down for the past five months. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library, copies or to legal materials. *Lewis v. Casey*,

518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and "only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Davis must detail the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Standing alone, the fact that Davis was denied access to computers within the law library does not give rise to an actionable First Amendment claim. At the very least, he must identify a potentially meritorious legal claim and must explain how not having access to computer-assisted legal research has prejudiced his ability to pursue that claim. The complaint suggests that he has not suffered any such harm and that Davis merely suspects that not having access to computers could cause him to miss court deadlines in the future. ECF 1 at 3. Therefore, this complaint does not state a claim.

Though it seems unlikely that he has suffered some type of prejudice to a potentially meritorious legal claim that he forgot to mention in this complaint, I will nevertheless give him the opportunity to file an amended complaint if he has facts to add. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he intends to file an amended complaint, he can obtain a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – from the prison law library.

ACCORDINGLY:

(1) Sonny Davis is **GRANTED** until **January 12, 2018**, to file an amended complaint on the proper form; and

(2) Sonny Davis is **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

**SO ORDERED**.

ENTERED: December 15, 2017

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT