UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-703 PPS ) |
| MARK SEVIER, *et. al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, filed an amended complaint as a result of being unable to conduct research in the Westville Correctional Facility's law library or to make copies of his legal papers. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library for research or copying papers. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law

library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Davis must detail the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* In his complaint, he alleges that his lack of access to legal materials resulted in the Indiana Supreme Court's denial of his petition for a writ of mandamus.

Davis has also submitted his petition for the writ of mandamus, the Indiana Supreme Court's decision on the petition, and the electronic docket sheet for his post-conviction relief proceedings, which are a part of his complaint for all purposes. *See* Fed. R. Civ. P. 10(c). In the petition for a writ of mandamus, Davis challenged the following rulings of the trial court in his post-conviction relief case: (1) the trial court improperly excluded a witness from testifying at the evidentiary hearing; (2) the trial court improperly granted the State's untimely motion for an enlargement of time to submit proposed findings of fact and conclusions of law, which was filed after the State's deadline; and (3) the trial court improperly denied Davis' motion to voluntarily dismiss his post-conviction relief case. ECF 5-1 at 22-28. He asked the Indiana Supreme Court to divest the trial court of jurisdiction, to prevent any further development of the record, and to appoint a special judge to preside over his post-conviction relief case. *Id.* at 28-29. After deciding to overlook several procedural deficiencies, the Indiana Supreme Court decided the petition for a writ of mandamus on the merits. *Id.* at 43. The Indiana Supreme Court denied the petition,

reasoning that Davis sought "a remedy that [was] not appropriate under the rules and law governing writs of mandamus and prohibition." *Id.*

Davis specifically alleges that the petition for a writ of mandamus was correct on the merits and denied only because he requested the wrong remedy. He alleges that this would not have happened if the defendants had allowed him more time for legal research. However, these allegations are significantly undermined by Indiana law.

> An action for mandate, an extraordinary remedy of an equitable nature, is generally viewed with disfavor. Mandamus does not lie unless the petitioner has a clear and unquestioned right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law. The mandamus action does not lie to establish a right or to define and impose a duty. Public officials, boards, and commissions may be mandated to perform ministerial acts when under a clear legal duty to perform such acts. Mandate actions exist only where no adequate remedy at law is available.

*Belork v. Latimer*, 54 N.E.3d 388, 395 (Ind. Ct. App. 2016). Davis' petition lacked merit because none of the trial court's rulings at issue were ministerial acts; to the contrary, each of these rulings were discretionary under Indiana law. *See Raisor v. Jimmie's Raceway Pub, Inc.*, 946 N.E.2d 72, 79 (Ind. Ct. App. 2011) ("We review the trial court's decision whether to grant a motion for enlargement of time for an abuse of discretion."); *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499, 502 (Ind. Ct. App. 2004) ("We also consider the standard of review for granting a plaintiff's motion for voluntary dismissal that is implicated in this case, which also is an abuse of discretion."); *Farris v. State*, 818 N.E.2d 63, 67 (Ind. Ct. App. 2004) ("The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court."). Further, his petition shows that he was aware that he had the right to appeal the trial court's decision, which provided an adequate remedy at law.

ECF 5-1 at 27. Finally, Davis' petition describes the trial court's grant of the State's motion for an enlargement of time as "the failure of the Respondent Court to act when it was under a duty to act," which shows that Davis understood the type of relief available in mandamus action. *Id.* at 25. In sum, the exhibits show that the petition for a writ of mandamus would have been denied regardless of whether Davis was allowed more time for legal research or copies of his legal papers. As a result, it is implausible to infer from the complaint that any defendant prejudiced a meritorious legal claim. Therefore, his denial of access to the courts claim is dismissed.

I typically grant pro se litigants an opportunity to amend after dismissing a complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Davis has already had such an opportunity, and, considering the exhibits to his complaint, any further attempt to amend the complaint would be futile. *See Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016).

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it does not state a claim.

**SO ORDERED**.

ENTERED: March 9, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

4