UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-703 PPS |
| | ) |
| MARK SEVIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, has filed a motion to reconsider the screening order dismissing this case because the complaint did not state a claim. Considering the timing and the substance of the motion, I construe it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In the complaint, Davis alleged a First Amendment claim of interference with access to the courts. He alleged that the petition for a writ of mandamus was correct on the merits and denied only because he requested the wrong remedy. He further alleged that this would not have happened if the defendants had allowed him more time for legal research. Interference with access to the courts claims require the plaintiff to identify a potentially

meritorious claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Davis attached to his complaint his petition for a writ of mandamus to the Indiana Supreme Court. In the screening order, I construed the mandamus petition as a challenge the trial court's discretionary rulings, which are not appropriate grounds for mandamus relief under Indiana law. *See Belork v. Latimer*, 54 N.E.3d 388, 395 (Ind. Ct. App. 2016). I dismissed the complaint on the basis that it did not state a claim.

Davis now argues that the petition for a writ of mandamus challenged the trial court's jurisdiction pursuant to Indiana Rules of Trial Procedure, which allows litigants to request a special judge if the trial court does not rule on a post-conviction petition within ninety days after taking it under advisement. Ind. R. Trial P. 53.1; 53.2. This procedure requires the Chief Administrative Officer of the Indiana Office of Judicial Administration to determine whether the ninety-day requirement is satisfied. *Id.* Further, the Indiana Supreme Court has held that "[a]n original action is the appropriate procedure for enforcing Trial Rule 53.1 when a court clerk erroneously fails to recognize that a ruling on a motion has been delayed and the case should be withdrawn after the filing of a praecipe." *State ex rel. Crain Heating Air Conditioning & Refrigeration, Inc. v. Clark Circuit Court*, 921 N.E.2d 1281, 1284 (Ind. 2010).

Upon further review of the petition for a writ of mandamus, I find that the complaint sufficiently alleges a potentially meritorious claim. Though the petition could have been more focused, it refers to the applicable State court rules, complains of the untimeliness of the trial court, and ultimately requests the appointment of a special judge.

Moreover, based on the complaint, which includes the Indiana Supreme Court's decision, the petition was denied because Davis did not request an appropriate remedy. It is thus plausible to infer that Davis might have requested the appropriate remedy (by challenging the Chief Administrative Officer's delay determination) if he had been allowed additional time to conduct legal research.

Because I find that the complaint sufficiently alleges a potentially meritorious claim, I will continue screening the complaint. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library for research or copying papers. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Davis must detail the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

3

Davis alleges that Zhenay Newhouse, Crystal Cleary, and Taylor Wall, each law library supervisors, refused to provide him with legal research materials, which prejudiced his petition for a writ of mandamus by preventing him from conducting the necessary research. He alleges that the law library computers were down from March 2017 to November 2017, which also prevented him from conducting legal research, and that Warden Sevier was notified of the downtime and Davis' related grievances. According to the complaint, the petition for a writ of mandamus was submitted on April 2, 2017, and denied on May 5, 2017. It is thus plausible to infer that the computer downtime prejudiced Davis by preventing him from conducting legal research. Therefore, the complaint states a claim against Warden Sevier, Zhenay Newhouse, Crystal Cleary, and Taylor Wall.

Davis further alleges that T. Combe refused to provide his grievance appeals and lied about the law library in response to another inmate's grievance. These allegations are vague and do not imply prejudice to Davis' petition. Additionally, the complaint contains no allegations against Dave Leonard. Finally, Davis alleges that he needed ten copies of the court record according to the State court rules and that several defendants, including John Schrader, denied him these copies. However, the Indiana Supreme Court's order denying the petition for a writ of mandamus expressly overlooked its procedural deficiencies, indicating that the lack of copies did not prejudice Davis's effort to obtain a writ. Therefore, the complaint does not state a claim against these defendants.

Accordingly:

(1) the motion for reconsideration (ECF 9) is GRANTED;

(2) the opinion and order dismissing this case and the entry of judgment (ECF 7, 8) are VACATED;

(3) the clerk is DIRECTED to reopen this case;

(4) Sonny Davis is GRANTED leave to proceed on a claim against Zhenay Newhouse, Crystal Cleary, and Taylor Wall for interfering with his right of access to the courts in violation of the First Amendment by refusing to provide him with sufficient legal research materials;

(5) Sonny Davis is GRANTED leave to proceed on a claim against Warden Mark Sevier for interfering with his right of access to the courts in violation of the First Amendment by refusing to address the lack of working computers in the law library;

(6) John Schrader, Dave Leonard, and T. Cambe are DISMISSED;

(7) all other claims are DISMISSED;

(8) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Warden Mark Sevier, Zhenay Newhouse, Crystal Cleary, and Taylor Wall at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(9) Warden Mark Sevier, Zhenay Newhouse, Crystal Cleary, and Taylor Wall are ORDERED, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Sonny Davis has been granted leave to proceed in this screening order.

SO ORDERED on March 26, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT