UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY M. DAVIS,

    Plaintiff,

    v.     CAUSE NO.: 3:17-CV-703-JD-MGG

MARK SEVIER, et al.,

    Defendants.

## OPINION AND ORDER

Sonny M. Davis, a prisoner without a lawyer, proceeds on an interference with access to the courts claim against Warden Sevier, Zhenay Newhouse, Crystal Cleary, and Taylor Wall for preventing him from conducting the legal research necessary to prevail on his State court petition for a writ of mandamus. The defendants filed the instant motion for summary judgment, arguing that Davis had adequate access to legal research materials and that any restrictions he may have experienced did not cause him prejudice in the State court proceedings.

## FACTS

Warden Sevier is the warden at the Westville Correctional Center and the Westville Control Unit, a restrictive housing unit. ECF 52-7 at 1. Zhenay Newhouse, Crystal Cleary, and Taylor Wall worked at the law library at the Westville Control Unit. ECF 52-4 at 1; ECF 52-5 at 1; ECF 52-6 at 1. Inmates in restrictive housing are permitted to conduct legal research through LexisNexis on the computers in the law library. ECF 52-5 at 5-6; ECF 52-6 at 9. If LexisNexis is unavailable, inmates may obtain physical

copies of legal materials for ten cents per page or by court order. *Id.* The Westville Control Unit also provided access to legal research in accordance with the following departmental policy:

> The facility may develop a loan system in which offenders may be provided a copy of one or more legal documents. Failure of the offender to return loaned documents in accordance with the facility's procedures may result in the offender being charged the cost of reproducing the copies.

*Id.*; ECF 34-5 at 16.

Davis asserts that he was denied adequate access to legal research materials when he resided in the Westville Control Unit from February 23, 2017, to November 30, 2017. His access to legal research was limited because of inoperative computers and difficulties navigating the law library's loan system. At this time, Davis was litigating a petition for post-conviction relief in State court. ECF 52-9. On April 2, 2017, he filed for a writ of mandamus with the Indiana Supreme Court in an attempt to expedite a decision on his petition and to obtain a new judge. ECF 56-13. On May 5, 2017, the appellate court denied the writ because Davis requested an inappropriate remedy. ECF 52-11. On September 20, 2017, the Marion Superior Court denied the petition for post-conviction relief, and, on July 12, 2018, the Court of Appeals of Indiana affirmed the decision of the lower court. ECF 52-9. Davis subsequently filed a federal habeas petition, which remains pending in the United States District Court for the Southern District of Indiana, *Davis v. Brown*, 2:19-cv-5 (S.D. Ind. filed Jan. 2, 2019).

## STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013).

## ANALYSIS

Davis asserts that Warden Sevier, Zhenay Newhouse, Crystal Cleary, and Taylor Wall interfered with his access to the courts by providing inadequate access to legal research materials. The defendants argue that they are entitled to summary judgment because Davis suffered no prejudice to a legal claim. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th

Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*.

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered efforts to pursue a non-frivolous legal claim, and that actual injury resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Moreover, an inmate's right of access extends only to claims involving direct and collateral attacks on his sentence or regarding the conditions of his confinement. *Lewis*, 518 U.S. at 355. Thus, the relevant inquiry is whether Davis suffered prejudice to his federal habeas petition and his State court petition for post-conviction relief.

Davis argues that the denial of access prejudiced his federal habeas petition because he was unable to conduct legal research for his post-conviction appeal, and, in the federal habeas case, the State has contended that some of his claims are procedurally defaulted because he did not raise them in State court. ECF 56-7 at 15-20. However, the habeas petition remains pending, and the possibility remains that the presiding court will excuse the procedural default, consider the claims on the merits despite their procedural deficiencies, or even grant habeas relief on a claim that is properly

exhausted. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); 28 U.S.C. § 2254(b)(2). Davis cannot demonstrate prejudice merely by positing that a court might decline to consider his claims or that his habeas petition might be unsuccessful.

Davis further argues that inadequate access to legal research prejudiced his State court petition for post-conviction relief because it prevented him from obtaining a writ of mandamus. He maintains that the judge presiding over the post-conviction petition was clearly biased and that the writ of mandamus would have allowed him to obtain a different judge who may have found the testimony presented by Davis more credible and may have granted post-conviction relief. To support the allegation of judicial bias, Davis represents that the judge prevented him from questioning and presenting witnesses during evidentiary hearings. However, unfavorable judicial rulings alone are rarely sufficient to demonstrate improper bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). This case presents no exception as the transcript excerpts submitted by Davis show no more than a judge sustaining two routine objections on the basis of relevancy, and the appellate court found no abuse his discretion with respect to these evidentiary rulings. ECF 52-12 at 20; ECF 56-8. Davis also notes that the judge mentioned that a colleague had become a federal judge since presiding over Davis' criminal trial, ECF 56-9, but it is unclear how a passing mention of this fact suggests improper bias. Absent any evidence of bias, Davis' contention that a new judge would have reached a different conclusion on his post-conviction petition is pure speculation.

In sum, the record contains no evidence to suggest that inadequate access to legal research prejudiced his State court petition for post-conviction relief or his federal

habeas petition. Therefore, the motion for summary judgment is granted with respect to the interference with access to the courts claim, and there are no remaining claims in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 51); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on May 17, 2019

                                                /s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT